**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MOHAMMED ANWARD GAZALI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01258** |
| | § | |
| **WARDEN WEBB COUNTY DETENTION** | § | |
| **CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Mohammed Anward Gazali's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

## Background

Petitioner is a native and citizen of Ghana who entered the United States on January 16, 2025. (Dkt. 8 at 3.) He was detained shortly after entry and has remained in ICE custody since his arrival in the United States. (Dkt. 11 at 1.) Petitioner was initially placed in expedited removal proceedings but later issued a Notice to Appear ("NTA") and placed in removal proceedings under 8 U.S.C. § 1229a after the government was unable find an interpreter for Petitioner's credible fear interview. (Dkt 8 at 3; Dkt. 1, Attach. 1 at 3–5.) In September of 2025, an Immigration Judge (IJ) denied Petitioner's applications for relief and ordered Petitioner removed to Ghana. (Dkt. 8 at 3,

1 / 7

Attach. 2.) Petitioner filed a timely appeal of the IJ's decision to the Board of Immigration Appeals (BIA) which remains pending. (*Id.* at 3–4, Attach. 3.) Accordingly, Petitioner does not have a final order of removal. *See* 8 C.F.R. 1241.1 (stating an order of removal becomes final "upon dismissal of an appeal by the Board of Immigration Appeals").

Petitioner has remained in immigration detention without an individualized determination of the need for detention for over 18 months since being apprehended by DHS in January of 2025. Petitioner filed his Petition for Writ of Habeas Corpus on July 17, 2026. (Dkt. 1.) Petitioner argues he is being subjected to unlawfully prolonged detention in violation of the Due Process Clause of the Fifth Amendment. (*Id.* at 6, 14.) He asks the Court to order his immediate release from custody or an individualized bond hearing. (*Id.* at 7, 15.) The Court ordered Respondents to Respond to Petitioner's Petition on or before July 31, 2026. (Dkt. 5) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2).[1] (Dkt. 8.) The Court sought additional clarification from Respondents and

---

[1] Respondents also argue that the no relief should be granted to Petitioner based on Petitioner's due process claim because of the stay issued in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). (*See* Dkt. 9 at 1–2, 4–5.) On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in Sosnava Rodriguez was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." See *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g.*, *Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026). Moreover, Petitioner's as-applied due process

Respondents submitted an advisory confirming that Petitioner has been continuously detained since arrival. (Dkts. 9, 11.)

### Discussion

The central question before the Court is whether Petitioner's immigration detention of over 18 months without an individualized determination of the need for detention violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Dkt. 1 at 11; Dkt. 8 at 6; Dkt. 11.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri* the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri* in this context where Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(2) as an applicant for admission without ever having established a presence in the United States and likewise analyzes Petitioner's claim under each of the *Mathews* factors.[2]

---

challenge differs from the petitioners in *Sosnava Rodriguez* because he was detained shortly after entry and has been for nearly 15 months since being apprehended whereas the petitioners in *Sosnava Rodriguez* had been living in the United States for many years prior to their apprehension by ICE. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702, 711 (5th Cir. 2026), *reh'g en banc granted, opinion vacated*, 2026 WL 2014647 (5th Cir. July 10, 2026).

[2] Respondents assert that the correct test for determining Petitioner's due process rights is the test set out in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) as articulated by the D.C. Circuit Court in *Make the Rd. New York v. Mullin*, 179 F.4th 16, 33 (D.C. Cir. 2026). (*See* Dkt. 8 at 11–12.) The Court rejects Respondents' argument and finds that *Mathews* provides the appropriate framework for Petitioner's as-applied due process claim for the reasons set forth in its decision in *Giri*. *See* 2026 WL 1361557, at *10–11.

Here, the Court finds that all three *Mathews* factors weigh in favor of Petitioner. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335)).

First, Petitioner's private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Petitioner has been detained for over 18 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690

(2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioner is "being detained despite the fact that he is neither a flight risk nor a danger to the community, the Government is erroneously depriving him of his freedom." *See Rashid*, 807 F. Supp. 3d at 369. Petitioner has not received *any* process to consider whether his current detention of over 18 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioner's favor.

Finally, the Court finds that the Government's interest in detaining Petitioner without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th 133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioner is not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioner. Finally, there is minimal administrative burden where immigration courts already regularly make custody

5 / 7

determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1. Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioner's favor.

Thus, the Court holds that because Petitioner's detention has become unconstitutionally prolonged and violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during his removal proceedings or harming the community. *See Giri*, 2026 WL 1361557, at *13.

### CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1. Respondents are **ORDERED** to provide Petitioner with an individualized custody review before an immigration judge at which **the Government bears the burden of proving, by clear and convincing evidence**, that Petitioner presents a risk of flight or a danger to the community. At the bond hearing, the Immigration Judge is also directed to consider the availability of alternatives to detention and conditions of supervision in determining whether Petitioner is a flight risk. Respondents must provide this hearing **within 10 days of the issuance of this Order, or else Respondents must release Petitioner. Respondents must also notify Petitioner of the bond hearing at least 5 days in advance.**

2. Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioner's custody status within **11 days of the issuance of this Order.**

3.     If Petitioner is released from custody, Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

Finally, the Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means at the following addresses:

> **Mohammed Anward Gazali**
> **A# 221-042-649**
> **Webb County Detention Center**
> **9998 S. Highway 83**
> **Laredo, Tx 78046**

IT IS SO ORDERED.

SIGNED this August 10, 2026.

 

Diana Saldaña
United States District Judge